UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY CALDWELL,

       Plaintiff,                        Case No. 13-15283
                                         District Judge Linda V. Parker
v.                                         Magistrate Judge R. Steven Whalen

CITY OF SOUTHFIELD, et al.,

       Defendants.
_____/

**ORDER DENYING MOTION TO TAKE DEPOSITION [Doc. #35]**

      Plaintiff Timothy Caldwell is a *pro se* litigant who is incarcerated by the Michigan Department of Corrections at the Macomb Correctional Facility. He has sued the City of Southfield and 16 Southfield police officers. Before the Court is his Motion for Order to Take Defendant Blake Matatall's Deposition [Doc. #35], in which he requests that the deposition be scheduled at the United States Courthouse in Detroit, and that the Court provide for a court reporter to record the proceedings. Implicit in the motion is a request that Mr. Caldwell be transported to the courthouse for the deposition.

      Although Mr. Caldwell was granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), and thus obtained a waiver of the prepayment of filing fees, IFP status does not entitle him to have the court or the Defendants fund his litigation costs. *See Johnson v. Hubbard,* 698 F.2d 286, 289 (6th Cir.1983), *abrogated on other grounds by L&W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007) (holding that there is no constitutional or statutory requirement to waive an indigent prisoner plaintiff's

-1-

costs of discovery); *see also McCloy v. Correction Medical Services*, 2008 WL 5351014, *1 (E.D. Mich. 2008)("Section 1915(a)(1)...authorizes the Court to waive certain fees associated with litigation, but does not provide that the Court may require defendants to pay plaintiff's discovery costs. Such costs of litigation are to be borne by an indigent party"); *Kensu v. Rapelje*, 2014 WL 1028948 (E.D. Mich. 2014)(denying indigent plaintiff's request for appointment of medical expert); *Toliver v. Community Action Commission to Help the Economy, Inc.,* 613 F.Supp. 1070, 1072 (S.D.N.Y.1985) ("[t]here [is] no clear statutory authority for prepayment of discovery costs pursuant to 1915 or otherwise"); *Sturdevant v. Deer,* 69 F.R.D. 17, 19 (E.D.Wis.1975) (§ 1915 does not authorize federal funds for the "cost of taking and transcribing a deposition").

    As the Court pointed out in *Johnson v. Hubbard*, while an indigent plaintiff is clearly at a disadvantage vis-a-vis a more monied litigant, there are nevertheless "numerous alternative methods to proceed with his case." *Id*. at 289. For example, Mr. Caldwell can submit written interrogatories or requests to admit to the Defendants.

    Plaintiff's motion [Doc. #35] is therefore DENIED.

    IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 17, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 17, 2015, electronically and/or by U.S. mail.

                s/Carolyn M. Ciesla
                Case Manager